IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINA SEROTTE,<br><br>    Plaintiff,<br><br>  v.<br><br>MARIN COUNTY DISTRICT ATTORNEY, et al.,<br><br>    Defendants.<br>_____ / | No. C 10-01670 JSW<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is motion to dismiss, or in the alternative, to quash service of summons, filed by defendants County of Marin and Edward S. Berberian Jr ("Berberian") (collectively, "Defendants"). The Court finds the motion suitable for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing date of September 17, 2010 is HEREBY VACATED. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court grants in part and denies in part Defendants' motion to dismiss.

**BACKGROUND**

On April 19, 2010, plaintiff Elaina Serotte ("Plaintiff") filed this action against the Marin County District Attorney ("District Attorney") and Berberian, alleging violations of her constitutional rights. Defendants now move to dismiss Plaintiff's complaint on the grounds that Plaintiff improperly named the District Attorney's office as a defendant and that Plaintiff failed to properly serve Defendants within 120 days as required by Federal Rule of Civil Procedure 4(m) ("Rule 4(m)").

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.  Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.  Plaintiff Named Proper Defendants.**

Defendants argue that pursuant to California Government Code §§ 945 and 811.2, the District Attorney's office is not a public entity subject to direct suit. California Government Code § 945 provides "A public entity may sue and be sued." California Government Code § 811.2 defines a "public entity" to include "the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Defendants rely entirely on the Law Revision Commission comment to Government Code § 811.2, stating that "this definition is intended to include every kind of independent political or government entity in the State" to argue that this definition does

2

1  not include the District Attorney's office.  According to Defendants, a grievance with the
2  District Attorney's office must be asserted against its sovereign, the County of Marin.
3  However, in *Peterson v. City of Long Beach*, 24 Cal. 3d 238, 243-45 (1979), the
4  California Supreme Court rejected the "sovereignty" test and held that a police department was
5  a public entity under a similar statute, California Evidence Code § 200, because it was a "public
6  agency."  *See Shaw v. State of California Dept. of Alcoholic Beverage Control*, 788 F.2d 600,
7  604-605 (9th Cir. 1986) (following *Peterson* in construing California Goverment Code § 811.2,
8  noting that the two statutes have been construed *in pari materia*.)  Defendants have not
9  submitted any authority to demonstrate that the District Attorney's office would not qualify as a
10 public agency.  Therefore, the Court finds that the District Attorney's office is a proper
11 defendant and, thus, denies Defendants' motion on this ground.

**C.     Plaintiff Failed to Serve Defendants Within 120 Days.**

13 Plaintiff filed her complaint on April 19, 2010.  Under Rule 4(m), a plaintiff must serve
14 the summons and complaint upon a defendant within 120 days.  In this case, the 120 day period
15 expired on August 17, 2010.  Plaintiff attempted to serve Defendants by leaving copies of the
16 summons and complaint with Jon Madarang ("Madarang").  However Madarang is not
17 authorized to accept service on behalf of Marin County, the District Attorney's Office, or
18 Berberian. (Declaration of Jon Madarang, ¶¶ 2-3.)  Because Plaintiff's attempts at service on
19 April 21, 2010 were ineffective, she failed to serve Defendants within the 120 days required by
20 Rule 4(m).

21 If a plaintiff fails to effect service within 120 days, the Court has discretion to either
22 dismiss the action without prejudice or direct that service be effected within a specified time.
23 Fed. R. Civ. P. 4(m).  The Court applies a two-step analysis under Rule 4(m).  If a plaintiff can
24 show good cause for the defective service, then the court must extend the time period in which
25 to serve the defendant.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At a minimum,
26 "good cause" means excusable neglect.  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.
27 1990).  In order to demonstrate that good cause exists, a plaintiff may be required to show the
28 following factors: "(1) the party to be served received actual notice of the lawsuit; (2) the

3

defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d at 512.

If there is no good cause for the delay, a court has discretion to dismiss without prejudice or to extend the time period. *Id.* There is no specific test that a court must apply in exercising its discretion. *Id.* Prejudice to either party is one factor that a court may consider, including statute of limitations issues. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (determining that district court should have considered prejudice both to defendant and plaintiff when exercising discretion to dismiss). Courts may also look at whether a plaintiff has substantially complied with the service requirements of Rule 4(m). *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (even without good cause, one-day delay in service is sufficient to demonstrate substantial compliance and dismissal was improper).

Plaintiff has not made a showing of good cause. Moreover, Plaintiff has not demonstrated that she would be prejudiced by a dismissal of this action without prejudice. Therefore, the Court declines to exercise its discretion to permit Plaintiff additional time to effect proper service and thus, dismisses this action without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court DENIES Defendants' motion to dismiss the District Attorney as a defendant, but GRANTS Defendants' motion to dismiss based on failure to timely serve under Rule 4(m). Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 16, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE